IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARLEN PORTER SMITH,

    Plaintiff,

v.

MICHAEL WASHINGTON, LENN HANNON,
DARCEY BAKER, CANDICE WHEELER,
FRANK P. COLISTRO, F. ROBERT
STUCKEY, DAVID STARR, MAX WILLIAMS,
JEAN HILL, JUDY GILMORE, JAMIE
MILLER, ELIZABETH GLENN,
MAUREEN ROSSI, JANELLE ROCHESTER,
C. CUTLER, ROBERT O. LAMPERT,
DIANNE REA, CINDY HANNER, JOHN
PERRY, LYNN HUST, ROBERT L.
METZGER, REBECCA ROUILLARD,
CYNTHIA CAIN, LISA BLACKETTER,
J. COOMBS, J. BASSETT, J. DAVIES,
and W. SCROGHAM,

    Defendants.

Civil No. 05-6301-BR

OPINION AND ORDER

ARLEN PORTER SMITH
SID #3738655
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

    Plaintiff *Pro Se*

1 - OPINION AND ORDER -

**HARDY MYERS**
Attorney General
**LEONARD WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

Attorneys for Defendants

**BROWN, Judge.**

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*.  Currently before the Court are Defendants' Motion to Dismiss (#57) the First and Second Claims for Relief of Plaintiff's Revised First Amended Complaint and Plaintiff's Motion for Preliminary Injunction (#67).  For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Claim for Relief, **DENIES** Defendants' Motion to Dismiss Plaintiff's Second Claim for Relief, and **DENIES** Plaintiff's Motion for Preliminary Injunction.  This action shall proceed on Plaintiff's Second and Third Claims for Relief according to the schedule set forth in the Civil Minute Order issued by the Court this date.

## BACKGROUND

Plaintiff alleges three claims for relief. First, Plaintiff alleges Defendants violated his rights under the *Ex Post Facto* Clause.  Plaintiff alleges Defendants applied a new, more onerous law in refusing to restore good time credits earned by Plaintiff

2 - OPINION AND ORDER -

before he was released on parole after his return to prison for a parole violation. Second, Plaintiff alleges Defendants violated his constitutional rights by retroactively applying new procedural law in conducting Plaintiff's parole release hearings. Plaintiff alleges members of the Oregon Board of Parole and Post-Prison Supervision (the "Board") "usurped" their legal authority, violated the *Ex Post Facto* Clause, and violated Plaintiff's due process rights.[1]

By way of remedy, Plaintiff seeks declaratory and injunctive relief. He seeks judgment declaring Defendants violated his constitutional rights by application of new rules to deny good time credits and conduct parole release hearings. He also seeks judgment prohibiting Defendants from continuing to apply those rules to deny good time credits and conduct future parole release hearings.

Defendants move to dismiss Plaintiff's First and Second Claims for Relief on the basis that the remedy sought is not appropriate for a § 1983 civil rights action and, instead, must be pursued in a habeas corpus petition under 28 U.S.C. § 2254. Plaintiff moves for preliminary injunction providing the relief sought in his Revised First Amended Complaint during the pendency of this action.

---

[1] Plaintiff's Third Claim for Relief, which is not at issue here, alleges denial of access to the courts and retaliation.

3 - OPINION AND ORDER -

## MOTION TO DISMISS

### I. Legal Standards

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832

F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

II. **Analysis**

    A. **First Claim - Good Time Credits**

Plaintiff alleges Defendants violated his due process rights by retroactively applying new rules to deprive Plaintiff of good time credits, and seeks declaratory and injunctive relief under 42 U.S.C. § 1983. A prisoner in state custody, however, cannot use a § 1983 action to challenge the "fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Instead, he must seek appropriate state relief or federal habeas corpus relief. *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Wolff v. McDonald*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

In *Wilkinson*, the Supreme Court discussed its prior decisions in *Preiser*, *Wolff*, and *Heck*, and held:

> that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

5 - OPINION AND ORDER -

*Wilkinson*, 544 U.S. at 81-82 (emphasis in original). Applying this law as stated, the Court found the two claimants in *Wilkinson* could bring their suits under § 1983 because success meant only a new eligibility review or a new parole hearing, not immediate or speedier release into the community. *Id.* at 82.

Here, Plaintiff is not challenging the procedure used to determine whether good time credits are forfeited, he is challenging the decision itself. His requested relief would result in the restoration of his good time credits, which necessarily implicates the duration of his incarceration. Plaintiff's argument that the relief requested would affect *future* actions of Defendants does not alter the reality that the future relief would necessarily entail restoration of good time credits. Because Plaintiff does not allege the decision denying restoration of his good time credits has otherwise been invalidated, he cannot state a claim upon which relief may be granted under § 1983.

**B.   Second Claim - Parole Consideration Hearing Procedures**

In his second claim for relief, Plaintiff alleges three bases upon which past parole consideration procedures violated Plaintiff's rights: (1) "usurpation" of fact-finding authority by the Board, in that a change in law from the time Plaintiff committed his crimes allows the Board to contract with state-licensed private psychologists to examine inmates prior to parole release hearings, instead of using a psychiatrist appointed by the

Superintendent of the Oregon State Hospital; (2) *ex post facto* application of more onerous parole eligibility criteria, in that the law in effect at the time of Plaintiff's crimes referred to a psychiatrist's determination whether an inmate had a mental or emotional disturbance or deficiency or condition predisposing the person to the commission of any crime to a degree rendering the examined person a *menace* to the health or safety of others, whereas the new law applied to Plaintiff spoke only to a finding that the examined person is a *danger* to the health or safety of others; and (3) due process violations resulting from examining psychologists' use of incorrect information in Plaintiff's pre-sentence investigation report in evaluating Plaintiff's mental status. By way of relief, Plaintiff seeks declaratory judgment that Defendants violated Plaintiff's rights:

    I.    To be afforded a timely, effective and meaningful remedy with which to redress substantial injuries to plaintiff's person and liberty as required by the due course of law guarantee of Article I, Section 10 of the Oregon Constitution and the United States Constitution's Fourteenth Amendment due process guarantee; [and]

    ii.    To be free from the wrongful, arbitrary, and willful imposition of ex post facto laws. . . .

Rev. First Amended Complaint, p. 87. Plaintiff also seeks injunctive relief prohibiting defendants from:

\* \* \*

    iii.    Employing more onerous laws enacted after the time of plaintiff's crime to govern any aspect of

             determining plaintiff's eligibility for release on parole;

   iv.  Continuing to deprive plaintiff of uniform, adequate and meaningful state law remedies to challenge adverse state agency actions related to plaintiff's eligibility for parole in violation of the due course of law guarantee in Article I, Section 10 of the Oregon Constitution and the due process guarantee of the Fourteenth Amendment to the United States Constitution;

   v.  Continuing to knowingly use and rely upon false information to justify denying plaintiff the release on parole to which he is otherwise legally entitled, and;

   vi.  Continuing to deprive plaintiff of an adequate and meaningful opportunity to contest the accuracy of the information relied upon to determine plaintiff's eligibility for parole.

*Id.*

Defendants argue Plaintiff's second § 1983 claim should be dismissed because the relief sought would necessarily invalidate the duration of Plaintiff's incarceration. The Court disagrees. Even if the Court granted the relief sought in Plaintiff's Second Claim for Relief, an issue still to be determined, Plaintiff would not automatically be entitled to release on parole. Instead, the *procedures* underlying Plaintiff's parole release hearing, as well as the information relied upon by the Board in conducting those hearings, would be affected. Release on parole would not be dictated by the changes requested by Plaintiff, as the Board could still determine Plaintiff was not entitled to release. As such,

Defendants' Motion to Dismiss Plaintiff's Second Claim for Relief is DENIED.

**MOTION FOR PRELIMINARY INJUNCTION**

I. **Legal Standards**

Whether to grant or to deny a motion for preliminary injunction is within the equitable discretion of the court. *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). The Ninth Circuit recognizes two alternative standards for preliminary injunctions. *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dep't of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers,* 408 F.3d 1113, 1120 (9th Cir. 2005)). An order properly issues under the traditional standard if the court determines Plaintiff has shown "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* Under the "alternative standard," a temporary restraining order properly issues when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.*

"Serious questions" are those "questions which cannot be resolved one way or the other at the hearing on the injunction." *Rep. of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988), *cert. denied*, 490 U.S. 1035 (1989). Serious questions are "substantial, difficult and doubtful" enough to require more considered investigation. *Id.* Such questions need not show a certainty of success nor even demonstrate a probability of success, but they "must involve a 'fair chance of success on the merits.'" *Id.* (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

The requirement for showing a likelihood of irreparable harm prior to trial increases or decreases in inverse correlation to the probability of success on the merits at trial. *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990); *see also Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999) (these factors represent two points on a sliding scale: "the greater the relative hardship to the moving party, the less probability of success must be shown") (citation omitted). The essence of the court's inquiry is whether the balance of equities favors granting preliminary relief. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary

injunction. *See Martin v. International Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) (in issuing mandatory preliminary relief, courts should be extremely cautious). The Ninth Circuit has held that mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the moving party. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979); *see also Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208, 211-12 (S.D.N.Y. 1994) (moving party must establish a substantial likelihood of success on the merits, rather than merely a likelihood of success).

## II. **Analysis**

To the extent Plaintiff seeks preliminary injunctive relief concerning the calculation of his good-time credits, the Court's dismissal of the claim prevents Plaintiff from showing any likelihood of success on the merits of his First Claim for Relief. With respect to Plaintiff's second claim, moreover, although the claim survived Defendants' motion to dismiss, Plaintiff has not established entitlement to the mandatory preliminary relief sought as Plaintiff has not established a substantial likelihood of success on the merits of his claim. Accordingly, Plaintiff's Motion for Preliminary Injunction is denied.

## **CONCLUSION**

For these reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's First Claim for Relief, DENIES Defendants' Motion to Dismiss Plaintiff's Second Claim for Relief, and DENIES Plaintiff's Motion for Preliminary Injunction. This action shall proceed on Plaintiff's Second and Third Claims for Relief in accordance with the schedule set forth in the Civil Minute Order issued this date.

IT IS SO ORDERED.

DATED this 30th day of October, 2007.

_____
ANNA J. BROWN
United States District Judge