IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ARLEN PORTER SMITH,                           05-CV-6301-BR

       Plaintiff,

                                   OPINION AND ORDER

v.

MICHAEL WASHINGTON, *et al.*,

       Defendants.


**ARLEN PORTER SMITH**
# 3738655
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882

       Plaintiff, *Pro Se*

**JOHN KROGER**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
State of Oregon Department of Justice
1162 Court Street, NE
Salem , OR 97301
(503) 947-4700

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#144).  For the reasons that follow, the Court **GRANTS** Defendants' Motion.


## BACKGROUND

Plaintiff Arlen Porter Smith, an inmate at Two Rivers Correctional Institution (TRCI), had hearings before the Oregon Parole Board in 2001, 2003, and 2005.  On October 5, 2005, Plaintiff filed a Complaint in this Court.  On December 26, 2006, Plaintiff filed a Revised Amended Complaint in which he challenges each parole hearing pursuant to 42 U.S.C. § 1983 on the grounds that Defendants (1) "usurped" their legal authority, (2) violated the *Ex Post Facto* Clause of the United States Constitution when they "retroactively appl[ied] new procedural law in conducting [his] parole release hearings," and (3) violated his rights under the Due Process Clause of the United States Constitution when the mental-health professionals who conducted his mental-health evaluation relied on information that had been stricken from his PSR.  Plaintiff also alleges Defendants violated his constitutional right to access to the courts and retaliated against him for exercising his

constitutional rights.[1]  Plaintiff seeks the following relief:
(1) a declaration that "the acts, practices, and omissions of the
defendants . . . violated plaintiff's rights under . . . the
United States Constitution"; (2) an injunction prohibiting
Defendants from using laws enacted after the time of Plaintiff's
crime to govern his release on parole, continuing to "knowingly
use and rely upon false information to justify denying plaintiff
. . . release on parole," continuing to obstruct Plaintiff's
access to the courts, and continuing to retaliate against
Plaintiff for exercising his constitutional rights; and
(3) damages.

On February 21, 2008, Defendants filed a Motion for Summary
Judgment as to all of Plaintiff's claims.[2]

**STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary
judgment if no genuine issue exists regarding any material fact

---

[1] Plaintiff also brought a claim in which he asserted
Defendants violated the *Ex Post Facto* Clause of the United States
Constitution when they refused to restore good-time credits
earned by Plaintiff.  In its October 30, 2007, Opinion and Order,
the Court granted Defendants' Motion to Dismiss this claim on the
ground that the remedy sought was not appropriate for a § 1983
civil-rights action.

[2] On January 13, 2006, the Court issued a Summary Judgment
Advice Notice to Plaintiff advising him that if he did not submit
evidence in opposition to any motion for summary judgment,
summary judgment would be entered against him if it was
appropriate.

and the moving party is entitled to judgment as a matter of law.
The moving party must show the absence of an issue of material
fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th
Cir. 2005).  In response to a properly supported motion for
summary judgment, the nonmoving party must go beyond the
pleadings and show there is a genuine issue of material fact for
trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.'"
*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th
Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
248 (1986)).  The court must draw all reasonable inferences in
favor of the nonmoving party.  *Id*.  "Summary judgment cannot be
granted where contrary inferences may be drawn from the evidence
as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957
(9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v.
Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir.
1982)).

A mere disagreement about a material issue of fact,
however, does not preclude summary judgment.  *Jackson v. Bank of
Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving
party's claims are factually implausible, that party must "come
forward with more persuasive evidence than otherwise would be
necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th

4 - OPINION AND ORDER

Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)

(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149

(9th Cir. 1998)).

The substantive law governing a claim or a defense

determines whether a fact is material. *Miller v. Glenn Miller*

*Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the

resolution of a factual dispute would not affect the outcome of

the claim, the court may grant summary judgment. *Id.*


## DISCUSSION

Defendants move for summary judgment on Plaintiff's § 1983

claims related to his parole proceedings on the grounds that

Plaintiff's claims are (1) barred by the statute of limitations,

(2) not properly exhausted, (3) barred by claim preclusion, and

(4) lack merit. Defendants also seek summary judgment on

Plaintiff's § 1983 claims for denial of access to the courts and

retaliation for exercising his constitutional rights on the

grounds that those claims are (1) barred by the statute of

limitations, (2) not properly exhausted, (3) based on *respondeat*

*superior* liability, and (4) lack merit.

**I.    42 U.S.C. § 1983.**

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory or the District of

> Columbia, subjects, or causes to be
> subjected, any citizen of the United States
> or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress . . . .

To establish a claim under § 1983, a plaintiff must initially allege "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right." *L.W. v. Grubbs (Grubbs I),* 974 F.2d 119, 120 (9th Cir. 1992).

## II. Plaintiff's claims related to the parole process.

### A.    2001 parole hearing.

Defendants assert Plaintiff's claims related to his 2001 parole hearing are barred by the statute of limitations, were not properly exhausted, and are barred by claim preclusion.

### 1.    Plaintiff's claims related to his 2001 parole hearing are time-barred.

The statute of limitations for § 1983 actions is determined by state law. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989), *cert. denied*, 498 U.S. 1082 (1991). Section 1983 actions are characterized as personal-injury actions for statute-of-limitations purposes. *Id.* In Oregon, this period is two years from the date Plaintiff discovered his injury. Or. Rev. Stat. § 12.110(1). *See T.R. v. Boy Scouts of Am.*, 344 Or.

282, 291 (2008)(statute-of-limitations period in § 1983 actions
begins to run from the date the plaintiff discovered the injury).
As noted, Plaintiff filed this action on October 3, 2005.  Any
injuries Plaintiff discovered before October 3, 2003, therefore,
are barred by the statute of limitations in this matter.  On
January 30, 2002, following Plaintiff's 2001 hearing, the Parole
Board denied Plaintiff parole.  Plaintiff, therefore, discovered
his alleged injury arising from his 2001 parole hearing on
January 30, 2002, which is more than two years before Plaintiff
filed this action.

        To the extent Plaintiff asserts his claims arising
out of the 2001 parole hearing are not barred because the statute
of limitations did not begin to run until he exhausted his state
judicial remedies, the Court notes an inmate is not required to
exhaust state judicial remedies before bringing an action under
§ 1983.  *See, e.g., Osborne v. Dist. Attorney's Office for Third
Judicial Dist.*, 423 F.3d 1050, 1052 (9th Cir. 2005)("a § 1983
suit . . . is generally not barred by a failure to exhaust state
[judicial] remedies.").  Plaintiff, therefore was not required to
exhaust his state judicial remedies before bringing a § 1983
claim arising from his 2001 parole hearing.  Thus, the Court
concludes on this record that Plaintiff's claims based on his
2001 parole hearing are time-barred and, accordingly, grants
Defendants' Motion for Summary Judgment as to these claims.

7 - OPINION AND ORDER

**2.    Plaintiff exhausted his administrative remedies as to his claim that Defendants violated his due-process rights at his 2001 parole hearing.**

Defendants assert even if Plaintiff's claims related to his 2001 parole hearing are not time-barred, Plaintiff's claims that Defendants violated his due-process rights at his 2001 parole hearing are barred because Plaintiff failed to exhaust his administrative remedies as to that issue. Specifically, Defendants assert Plaintiff "failed to list the due process issue he raised in his current complaint, which was reliance on an improper pre-sentence investigation report."

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust administrative remedies before bringing an action under § 1983. *See also Jones v. Bock*, 549 U.S. 199, 218 (2007). Accordingly, an inmate must exhaust his remedies to the highest level within the prison grievance system before bringing a claim under § 1983.

Oregon Administrative Rule 255-080-0001(2) provides in pertinent part: "An inmate/offender has exhausted his . . . administrative remedies after complying with OAR 255-080-0005, and after the Board [of Parole and Post-Prison Supervision] denies review, or grants review and either denies or grants relief." Oregon Administrative Rule 255-080-0005(1) and (4) provide in pertinent part:

> (1) An inmate/offender may request an administrative review by sending Exhibit O,

Administrative Review Request Form, to the Board
concisely explaining how his or her case fits the
criteria for review listed in rule 255-080-0010.

* * *

(4) If the Board or its designee determines that
the request is consistent with the criteria as
defined in rules 255-080-0010 and 255-080-0011,
and meets the deadline requirements, the Board
will resolve the matter.

Finally, Oregon Administrative Rule 255-080-0010 provides in

pertinent part that "[t]he criteria for granting a review are:

. . . (5) The action of the Board is in violation of consti-

tutional or statutory provisions or is a misinterpretation of

those provisions."

The record reflects Plaintiff requested review of

the Parole Board's decision related to his 2001 hearing on an

"Exhibit O" form.  Under the section titled "Second and Third

Assignment of Error," Plaintiff asserted "[t]he psychological

evaluations obtained by the board relied in part upon the

materials the trial court ordered stricken and/or disregarded."

Def.'s Ex. 105 at 3.  On January 30, 2002, the Parole Board

denied Plaintiff's request for review.

On this record, the Court finds Plaintiff

presented the due-process issue to the Parole Board as required

under the Oregon Administrative Rules and fully exhausted his

administrative remedies as to this claim.  Accordingly, the Court

declines to grant Defendants' Motion for Summary Judgment based

on the contention that Plaintiff failed to exhaust his admini-
strative remedies as to his claim that Defendants violated his
due-process rights at his 2001 parole hearing.

> **3.    Plaintiff's claims arising from his 2001
> parole hearing are barred in part by claim
> preclusion.**

Defendants further assert even if Plaintiff's
claims are not time-barred, Plaintiffs' claims that Defendants
(1) "usurped" their legal authority and (2) violated the *Ex Post
Facto* Clause of the United States Constitution when they
"retroactively appl[ied] new procedural law in conducting [his]
parole release hearings" are barred by claim preclusion because
the Oregon Court of Appeals reviewed these issues when it
reviewed Plaintiff's 2001 parole hearing in *Smith v. Board of
Parole*, 199 Or. App. 270 (2005).

"*Res Judicata,* also known as claim
preclusion, bars litigation in a subsequent action of any claims
that were raised or could have been raised in the prior action."
*Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th
Cir. 2001).  Claim preclusion has the effect of "foreclosing
litigation of a matter that never has been litigated, because of
a determination that it should have been advanced in an earlier
suit." *Gospel Missions of Am.,* 328 F.3d 548, 553 (9th Cir. 2003)
(citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S.
75, 77 n.1 (1984)).  The doctrine is applicable whenever there is

10 - OPINION AND ORDER

"(1) an identity of claims, (2) a final judgment on the merits,
and (3) an identity of parties or privity between parties."
*Owens,* 244 F.3d at 713.  An "identity of claims" exists when the
two actions "arise out of the same transactional nucleus of
facts."  *Id.* at 714.

        In *Smith v. Board of Parole*, Plaintiff
asserted a number of issues including:

> Prior to the 1991 and 1993 legislative revisions
> to ORS 144.226 and ORS 144.228, prisoners like
> petitioner were legally entitled at the time of
> their parole consideration hearing to an impartial
> psychiatric evaluation as to whether the condition
> used as the basis for imposing an enhanced
> dangerous offender sentence was absent or in
> remission.  The board and the legislature
> understood that the psychiatric findings contained
> in the independent evaluation performed by a
> psychiatrist appointed by the Oregon State
> Hospital were binding upon the board's decision as
> to whether the prisoner would be released on
> parole.

>         * * *

> The post 1993 law substituted " . . . **danger** to
> the health and safety of others" as the applicable
> standard to be applied by the evaluator.  Current
> ORS 144.226(2)(emphasis added).  This is
> substantially different and more onerous standard
> to apply to making the ultimate factual conclusion
> upon which the determination of a prisoner's
> eligibility for parole is based.

>         * * *

> The board's action violated the ex post facto
> clauses of the Oregon and U.S. Constitution.

Def.'s Ex. 116 at 32-33, 43 (emphasis in original).  In this
action, Plaintiff alleges:

11 - OPINION AND ORDER

> Under the law in effect at the time of plaintiffs
> crime, the board of parole was required to acquire
> an independent psychiatric report regarding the
> plaintiff's mental heath status from a
> psychiatrist in the employ of the Oregon State
> Hospital and was also legally bound by the factual
> and conclusion contained in said report.
>
> * * *
>
> The 1993 Oregon Legislative revisions to ORS
> 144.226 substantially altered the statutory
> criteria to be applied to the legally authorized
> mental professional in making the determination as
> to whether the mental condition which formed the
> basis for the imposition of the prisoner's
> enhanced sentence was absent or in remission.

Pl.'s Revised First Am. Compl. ¶¶ 49, 52.  Plaintiff's claims in

this action are nearly identical to those raised in *Smith v.*

*Board of Parole*.  In addition, the Oregon Court of Appeals issued

a final decision on the merits of Plaintiff's action in 2005.

Finally, Plaintiff seeks to bring these claims against the same

individuals who were defendants in the state action.

On this record, the Court concludes Plaintiff's

claims that Defendants (1) "usurped" their legal authority and

(2) violated the *Ex Post Facto* Clause of the United States

Constitution when they "retroactively appl[ied] new procedural

law in conducting [his] parole release hearings" are barred by

claim preclusion with respect to Plaintiff's 2001 parole hearing.

Accordingly, the Court also grants Defendants' Motion for Summary

Judgment as to these claims arising from Plaintiff's 2001 parole

hearing on this ground.

12 - OPINION AND ORDER

In summary, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claims related to his 2001 parole hearing on the grounds that they are time-barred and also barred in part by claim preclusion.

**B.    2003 parole hearing.**

Defendants assert Plaintiff did not properly exhaust his claims related to his 2003 parole hearing and, in any event, those claims lack merit.

**1.    Plaintiff exhausted his administrative remedies in part as to his claims arising from his 2003 parole hearing.**

Defendants assert Plaintiff only exhausted his administrative remedies as to his claim that Defendants "usurped" their legal authority with respect to Plaintiff's 2003 parole hearing. Defendants contend Plaintiff did not exhaust his claims that Defendants violated (1) the *Ex Post Facto* Clause of the United States Constitution when they "retroactively appl[ied] new procedural law in conducting [his] parole release hearings" and (2) Plaintiff's rights under the Due Process Clause of the United States Constitution when the mental-health professionals who conducted his mental-health evaluation relied on information that had been stricken from his PSR.

Plaintiff submitted his request for administrative review of the Parole Board's decision following his 2003 parole hearing on an "Exhibit O" form as required by the relevant Oregon

13 - OPINION AND ORDER

Administrative Rules.  In the form, Plaintiff asserted a number
of grounds for review, including the following:

> [The Board's action is in violation of statues
> and/or constitution because it] violates the ex
> post facto clauses of the Oregon and U.S.
> constitution by depriving offender of the
> independent evaluation to which he was entitled
> under the laws in effect at the time of his crimes
> *and by applying a new and more onerous standard
> and criteria for review of the release decision.*
> The board's actions also contravene the provisions
> of ORS 137.079, ORS 183.413, and ORS 183.462.

Def.'s Ex. 109 at 2 (emphasis added).  The record, however,

establishes Plaintiff did not assert a due-process objection

based on Defendants' alleged reliance on information that had

been stricken from the PSR by a mental-health professional.  The

Court, therefore, grants Defendants' Motion for Summary Judgment

as to Plaintiff's claim that Defendants violated his due-process

rights at the 2003 parole hearing.

Defendants also contend Plaintiff did not request

administrative review of his claim that Defendants violated the

*Ex Post Facto* Clause of the United States Constitution based on

Defendants' alleged retroactive application of Oregon Revised

Statute § 144.226.  In his Revised First Amended Complaint,

Plaintiff brings his *Ex Post Facto* claim based on the allegation

that

> [t]hrough the wrongful retroactive application of
> the 1993 amendments to ORS 144.226 defendant
> parole board members and defendant psychologists
> have applied a more onerous criteria than
> previously authorized by law to substantially

14 - OPINION AND ORDER

> lengthen plaintiff's period of confinement prior
> to being released on parole.

Pl.'s Revised First Am. Compl. ¶ 68.  Although Plaintiff did not
specifically identify Oregon Revised Statute § 144.226 as the
basis for his *Ex Post Facto* claim in his request for
administrative review, the Court concludes the substance of
Plaintiff's request *(i.e.,* Defendants "appl[ied] a new and more
onerous standard and criteria for review of the release
decision") is sufficient to establish that Plaintiff, in effect,
raised this issue in his request for administrative review.  In
addition, the Court notes the Parole Board in its Administrative
Review Response addressed Plaintiff's assertion that "the board
violated prohibitions against *ex post facto* laws by applying new
and more onerous standards and criteria."  Def.'s Ex. 110 at 2.
Based on this record, the Court concludes Plaintiff exhausted his
administrative remedies as to his *Ex Post Facto* claim related to
his 2003 parole hearing, and, therefore, the Court declines to
grant Defendant's Motion for Summary Judgment based on the
contention that Plaintiff did not exhaust his administrative
remedies as to his *Ex Post Facto* claim related to his 2003 parole
hearing.

In summary, the Court concludes Plaintiff did not
exhaust his administrative remedies with respect to his claim
that Defendants violated his rights under the Due Process Clause
of the United States Constitution as to his 2003 parole hearing

15 - OPINION AND ORDER

when mental-health professionals relied on information that had
been stricken from his PSR.  Accordingly, the Court grants
Defendants' Motion for Summary Judgment as to Plaintiff's due-
process claim arising from his 2003 parole hearing.  The Court,
however, concludes Plaintiff exhausted his administrative
remedies as to his claims that Defendants (1) "usurped" their
legal authority and (2) violated the *Ex Post Facto* Clause of the
United States Constitution when they "retroactively appl[ied] new
procedural law in conducting [his] parole release hearings."
Accordingly, the Court declines to grant Defendants' Motion for
Summary Judgment based on the contention that Plaintiff did not
exhaust his administrative remedies.

> **2.    Plaintiff's claim that Defendants violated the *Ex
> Post Facto* Clause of the United States Consti-
> tution as to his 2003 parole hearing lacks merit.**

Defendants assert even if Plaintiff did not
exhaust his administrative remedies as to his claims for
violation of the *Ex Post Facto* Clause, those claims are without
merit.

> "The *ex post facto* prohibition forbids the
> Congress and the States to enact any law which
> imposes a punishment for an act which was not
> punishable at the time it was committed; or
> imposes additional punishment to that then
> prescribed." *Connor v. Estelle*, 981 F.2d 1032,
> 1033 (9th Cir. 1992)(internal citations omitted).
> "In accord with these purposes . . . two critical
> elements must be present for a criminal or penal
> law to be *ex post facto*:  it must be retro-
> spective, that is, it must apply to events
> occurring before its enactment, and it must

16 - OPINION AND ORDER

> disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). Under the second prong, a retroactively applied parole rule violates the *ex post facto* clause if it "creates a significant risk of prolonging [the prisoner's] incarceration." *Garner v. Jones*, 529 U.S. 244, 251 (2000). The "significant risk" must not be speculative or ambiguous. *Scott v. Baldwin*, 225 F.3d 1020, 1023 (9th Cir. 2000).

*Tash v. Curry*, No. C 05-2417 CW (PR), 2008 WL 3984597, at *13 (N.D. Cal. Aug. 27, 2008).

Plaintiff asserts under the law in effect in 1984, the year Plaintiff was incarcerated, the Parole Board was "required to acquire an independent psychiatric report regarding plaintiff's mental status from a psychiatrist in the employ of the Oregon State Hospital and was also legally bound by the factual findings and conclusion contained in said report." Under statutes enacted in 1991, which is after his conviction, Plaintiff asserts the Parole Board was not required to obtain a psychiatric report from an Oregon State Hospital psychiatrist nor bound by the factual findings and conclusions of such a psychiatric report. Thus, Plaintiff contends the Parole Board erroneously applied the law enacted in 1991 to his 2003 parole hearing rather than the law in place in 1984 in violation of the *Ex Post Facto* Clause of the United States Constitution.

In 1984 Oregon Revised Statute § 144.226 provided in pertinent part:

> (1) Any person sentenced . . . as a dangerous offender shall within 60 days prior to the parole

17 - OPINION AND ORDER

consideration hearing . . . be given a complete physical, mental and psychiatric examination by a psychiatrist appointed by the Superintendent of the Oregon State Hospital.  Within 60 days after the examination, the examining psychiatrist shall file a written report of findings and conclusions relative to the examination with the Director of the Department of Corrections and chairperson of the State Board of Parole and Post-Prison Supervision.

(2) The examining psychiatrist shall include in the report a statement as to whether or not in the psychiatrist's opinion the convicted person has any mental or emotional disturbance or deficiency or condition predisposing the person to the commission of any crime to a degree rendering the examined person a menace to the health or safety of others.  The report shall also contain any other information which the examining psychiatrist believes *will aid the State Board of Parole and Post-Prison Supervision in determining whether the examined person is eligible for parole or release.*

(Emphasis added.)  Contrary to Plaintiff's contention, the statute on its face did not mandate the Parole Board was bound by the findings and conclusions of the psychiatrist.  In fact, the statute specifically provided the Parole Board makes the final determination as to release.  In addition, the 1984 version of Oregon Revised Statute § 144.228(2) required the Parole Board to consider a number of factors when making its parole decision, only one of which was a psychiatric evaluation.  The 1991 amendments to § 144.226 merely changed the requirement that an inmate receive an examination conducted by a psychiatrist appointed by the Superintendent of the Oregon State Hospital to one appointed by the Parole Board.  Section 144.226 still

18 - OPINION AND ORDER

requires in subsection 2 that the psychiatrist's report "also contain any other information which the examining psychiatrist believes *will aid the State Board of Parole and Post-Prison Supervision in determining whether the examined person is eligible for parole or release.*"  (Emphasis added.)  Thus, Plaintiff has not shown the 1991 amendments to § 144.226 changed the Parole Board's decisionmaking authority.

In addition, to the extent Plaintiff asserts the change from the requirement that the psychiatrist be appointed by the Superintendent of the Oregon State Hospital to one appointed by the Parole Board "created a significant risk of prolonging [Plaintiff's] incarceration," there is not any evidence in the record that the Parole Board appointed incompetent or biased psychiatrists to conduct Plaintiff's mental-health evaluations, that the Parole Board's choice of psychiatrist is significantly different than the Superintendent of Oregon State Hospital would have made, or that the Parole Board's choice of psychiatrists created a significant risk of prolonging Plaintiff's incarceration.  Thus, Plaintiff has not established the change to § 144.226 "created a significant risk of prolonging [Plaintiff's] incarceration."

In any event, the Parole Board specifically noted in its Administrative Review Response that it applied "the standards and criteria that were in effect when you committed

19 - OPINION AND ORDER

your crimes in . . . 1984."  Def.'s Ex. 110 at 2.

On this record, the Court concludes even if the Parole Board had relied on § 144.226 as enacted in 1991, Plaintiff has not established the changes in § 144.226 from the statute in effect in 1984 usurped the Parole Board's decision-making authority or violated the *Ex Post Facto* Clause of the United States Constitution as applied to Plaintiff's parole hearing in 2003.  Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim related to his 2003 parole hearing in which Plaintiff asserts Defendants violated the *Ex Post Facto* Clause of the United States Constitution.

**C.    2005 parole hearing.**

Defendants assert Plaintiff did not properly exhaust his claims related to his 2005 parole hearing and, in any event, those claims lack merit.

> **1.    Plaintiff exhausted his remedies in part as to his claims arising from his 2005 parole hearing.**

Defendants acknowledge Plaintiff exhausted his administrative remedies as to his claims that Defendants "usurped" their legal authority with respect to his 2005 parole hearing and violated the *Ex Post Facto* Clause of the United States Constitution when they "retroactively appl[ied] new procedural law in conducting [his] parole release hearings."

Defendants, however, assert Plaintiff did not exhaust his administrative remedies as to his claim that Defendants violated Plaintiff's rights under the Due Process Clause of the United States Constitution when the mental-health professionals who conducted his mental-health evaluation relied on information that had been stricken from his PSR.

Plaintiff requested review of the Parole Board's decision on an "Exhibit O" form and asserted, among other things, that his constitutional rights were violated at the 2005 parole hearing because "the author of the [psychiatric] report relied on [f]alse information contained in the DOC Files to reach his conclusions." Def.'s Ex. 113 at 1. In its Administrative Review Response, the Parole Board noted Plaintiff's allegation that the author of the psychiatric report relied on false information contained in the Department of Corrections files. The Parole Board found: "Because you have failed to identify the false information Dr. Starr allegedly relied upon while preparing his evaluation . . . the board is unable to address these allegations." Def.'s Ex. 114 at 2.

On this record, the Court concludes Plaintiff did not exhaust his administrative remedies as to his claim that Defendants violated Plaintiff's rights under the Due Process Clause of the United States Constitution at his 2005 parole hearing. Accordingly, the Court grants Defendants' Motion for

21 - OPINION AND ORDER

Summary Judgment as to Plaintiff's due-process claim related to his 2005 parole hearing.

**2. Plaintiff's claims that Defendants violated the *Ex Post Facto* Clause of the United States Constitution as to Plaintiff's 2005 parole hearing lack merit.**

Plaintiff asserts the same basis for his claim that Defendants violated the *Ex Post Facto* Clause of the United States Constitution at his 2005 parole hearing as he asserted for his claims that Defendants violated the *Ex Post Facto* Clause at his 2003 parole hearing.

For the same reasons the Court concluded Plaintiff did not establish that Defendants violated the *Ex Post Facto* Clause as to his 2003 parole hearing, the Court concludes Plaintiff has not established that Defendants violated the *Ex Post Facto* Clause as to his 2005 parole hearing. Specifically, even if the Parole Board had applied the post-1984 version of § 144.226 at his 2005 parole hearing, Plaintiff has not established the changes in § 144.226 usurped the Parole Board's decisionmaking authority or violated the *Ex Post Facto* Clause of the United States Constitution.

In any event, the Court again notes the Parole Board stated in its Administrative Review Response related to Plaintiff's 2005 parole hearing that it applied "the rules and law in effect at the time [Plaintiff] committed [his] crimes when

22 - OPINION AND ORDER

it conducted it's hearing with [Plaintiff]."  Def.'s Ex. 114 at
2.

       Accordingly, the Court grants Defendants' Motion
for Summary Judgment as to Plaintiff's claim that Defendants
violated the *Ex Post Facto* Clause of the United States
Constitution as to Plaintiff's 2005 parole hearing.

       In summary, the Court grants Defendants' Motion for
Summary Judgment as to all of Plaintiff's claims that Defendants
(1) "usurped" their legal authority, (2) violated the *Ex Post
Facto* Clause of the United States Constitution when they
"retroactively appl[ied] new procedural law in conducting
[Plaintiff's] parole release hearings," and (3) violated
Plaintiff's rights under the Due Process Clause of the United
States Constitution when the mental-health professionals who
conducted Plaintiff's mental-health evaluation relied on
information that had been stricken from his PSR.

## II.  Plaintiff's claims based on denial of access to the courts and retaliation.

      Plaintiff alleges Defendants have not provided him with
sufficient access to the courts because the method of access they
have chosen is inefficient and "intentionally designed to
frustrate rather than facilitate prisoners achieving meaningful
access to the courts."  Revised First Am. Compl. at ¶ 214.
Plaintiff also asserts Defendants have retaliated against him for
exercising his constitutional rights.

Defendants move for summary judgment on Plaintiff's claims for denial of access to the courts and retaliation on the grounds that those claims are (1) barred in part by the statute of limitations, (2) not properly exhausted, and (3) without merit.

**A.   Plaintiff's claims for denial of access to the courts and retaliation are partially time-barred.**

As noted, the statute of limitations period for a § 1983 actions is two years from the date of discovery of the injury.  Plaintiff filed this action on October 3, 2005. Accordingly, to the extent Plaintiff alleges Defendants denied him access to the courts and/or retaliated against him for exercising his constitutional rights before October 3, 2003, those portions of his claims are time-barred.

**B.   Plaintiff did not exhaust his administrative remedies as to the remaining portions of his denial of access to the courts and retaliation claims.**

The PLRA requires an inmate to exhaust his remedies to the highest level within the prison grievance system before bringing a claim under § 1983.  *Jones v. Bock*, 549 U.S. at 218. The Supreme Court has noted

> the benefits of exhaustion . . . include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

*Id*. at 219.

24 - OPINION AND ORDER

To completely exhaust the grievance procedure at
institutions within the Oregon Department of Corrections,
inmates must

> communicate with first line staff, verbally or in
> writing, as their primary means of resolving
> disputes prior to filing a grievance in order to
> handle questions and complaints at the lowest
> local level.  However, if this does not bring
> resolution, the inmate may file a grievance if it
> complies with the administrative rule and there is
> no other review process available.

> * * *

> An inmate may file an initial appeal, also called
> a first-level appeal, from a staff grievance
> response to the functional unit manager.  To do
> this, the inmate must complete a grievance appeal
> form . . . and file it with the grievance
> coordinator within 14 days of receipt of the
> contested grievance response.

> Additionally, an inmate may seek further review of
> the functional unit manager's decision, also
> called a second-level appeal, by filing a request
> with the Assistant Director of the Department of
> Corrections by completing a grievance appeal form
> . . . and filing it with the Assistant Director of
> the Department of Corrections within 14 days of
> receipt of the grievance response. The
> second-level appeal process provides a final
> ruling.

Aff. of Theresa Hicks at ¶¶ 7, 9, 10.

Defendants assert Plaintiff filed "numerous"
grievances, but he received a final ruling on only three of them,
none of which pertained to his claim of denial of access to the
courts or retaliation.  In addition, Plaintiff has not produced
any evidence that he fully grieved complaints of denial of access

25 - OPINION AND ORDER

to the courts or retaliation.  The Court, therefore, concludes on
this record that Plaintiff did not properly exhaust his
administrative remedies before bringing these claims in this
Court.

Accordingly, the Court grants Defendants' Motion for
Summary Judgment as to Plaintiff's claims for denial of access to
the courts and retaliation.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendants' Motion for
Summary Judgment (#144) and

1.  **DISMISSES with prejudice** Plaintiff's claims arising out
    of his 2001 parole hearings,

2.  **DISMISSES with prejudice** Plaintiff's claims that
    Defendants "usurped" their legal authority and violated
    the *Ex Post Facto* Clause of the United States
    Constitution as to Plaintiff's 2003 and 2005 parole
    hearings**,**

3.  **DISMISSES without prejudice** Plaintiff's claims that
    Defendants violated Plaintiff's rights under the Due
    Process Clause of the United States Constitution as to
    his 2003 and 2005 parole hearings, and

4.  **DISMISSES without prejudice** Plaintiff's claims for

denial of access to the courts and retaliation.

IT IS SO ORDERED.

DATED this 5th day of February, 2009.


                                    /s/ Anna J. Brown

                                    _____
                                    ANNA J. BROWN
                                    United States District Judge


27 - OPINION AND ORDER